IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE J. HENDERSON, and<br>ANNIE L. HENDERSON,<br>      Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | § | 3:14-CV-3708-L-BK |
| METROPOLITAN TRANSPORTATION<br>AUTHORITY, et al.,<br>      Defendants. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs filed a *pro se* complaint along with motions to proceed *in forma pauperis*. For the reasons that follow, it is recommended that the motions to proceed *in forma pauperis* be denied and that this case be dismissed for want of prosecution.

**I. BACKGROUND**

On January 6, 2015, after concluding that Plaintiffs would not suffer undue financial hardship, the Court ordered them to pay the $400.00 filing fee by no later than January 27, 2015. [Doc. 13]. The order advised Plaintiffs that, if they failed to comply, the denial of their motions for leave to proceed *in forma pauperis* would be recommended, and that this action would be subject to dismissal without prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). To date, Plaintiffs have neither paid the requisite filing fee nor sought an extension of time to do so.

## II. ANALYSIS

    A.    Denial of Motion to proceed *In Forma Pauperis*

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a)(1). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Plaintiffs list a combined average monthly income of $9,198 and monthly expenses of $6,735. [Doc. 11 at 2, 5; Doc. 12 at 2, 5]. Plaintiffs are retired and have no dependents, and own a 2014 Kia Optima, valued at $25,000. [Doc. 11 at 2-3, Doc. 12 at 2-3]. When asked to explain why they cannot pay the filing fee, Plaintiffs merely note: "JP Morgan Chase Foreclosure Note $499,000 (frauds against our names)." [Doc. 11 at 6; Doc. 12 at 6]. Based on a review of all the information presented, the Court concludes that Plaintiffs will not suffer undue financial hardship after payment of the $400.00 filing fee, and that their motions to proceed *in forma pauperis* should be denied.

    B.    Involuntary Dismissal

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiffs have been given ample opportunity to pay the requisite filing fee. They have impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. See FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motions to proceed *in forma pauperis* [Doc. 11, Doc. 12] be **DENIED**, and that this action be **DISMISSED** without prejudice for want of prosecution.

SIGNED February 9, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] It is unclear from the *pro se* amended complaint when the claims accrued for purposes of the statute of limitations. Thus, the Court need not apply the higher standard for dismissal with prejudice for want of prosecution. See *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE